UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Duncan,<br>a/k/a Jimmy L. Duncan,<br><br>      Plaintiff,<br><br>vs.<br><br>Ms. Vera Jenkins (IGC);<br>Mr. Scott Harvin;<br>John Ozmint, Prison Director; and<br>Ms. Jennifer Jordan, Assistant Solicitor,<br>All Defendants Sued In Their Official/Individual<br>Capacities;<br><br>      Defendants. | C/A No. 8:08-0499-MBS-BHH<br><br>**Report and Recommendation** |

  The Plaintiff, Jimmy Duncan (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] At the time he filed this Complaint, Plaintiff was an inmate at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC).[2] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915, and names as Defendants Ms. Vera Jenkins (Prison Grievance Coordinator) and John Ozmint (Prison Director).[3] Plaintiff also sues the Solicitor, Defendant Jordan, and Defense Attorney,

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] On February 25, 2008, Plaintiff filed a change of address notice, providing the Court with a private mailing address in Walterboro, South Carolina.

[3] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

Defendant Harvin, who handled Plaintiff's criminal prosecution. Plaintiff seeks monetary damages and further asks that his conviction be reversed, his sentence be vacated, and his freedom be restored.[4]  The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. at 31.  Hence, under §

---

[4] State prisoners challenging their confinement must proceed under 28 U.S.C. §§ 2241 or 2254.  Therefore, to the extent Plaintiff seeks to have his conviction reversed/sentence vacated, he must file a Petition for a Writ of Habeas Corpus. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973)(habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff sues Defendants Jenkins and Ozmint for allegedly failing to process a grievance Plaintiff submitted in June of 2007, "pertaining to [Plaintiff] being wrongfully prosecuted, convicted, sentenced, and unlawfully imprison [sic]." Plaintiff states Defendant Jenkins was "responsible for processing my grievances" and violated Plaintiff's due process rights by failing to follow the "Institutional/Grievance Policy". Plaintiff indicates he wrote a letter to Defendant Ozmint asking for assistance in resolving the grievance matter, however, Defendant Ozmint failed to respond. Plaintiff sues Defendant Harvin for ineffective assistance

of counsel during Plaintiff's criminal case, and sues Defendant Jordan for alleged wrongful prosecution.

## Discussion

Plaintiff first claims that Defendants Jenkins and Ozmint improperly handled or failed to process Plaintiff's institutional grievance. However, inmates have no constitutionally protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Blagman v. White*, 112 F. Supp. 2d 534, 542 (W.D. Va. 2000)(inmate has no constitutional entitlement to grievance procedure); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000)("a prison official's failure to comply with the state's grievance procedure is not actionable under § 1983"). Therefore, Plaintiff's claims against Defendants Jenkins and Ozmint are not cognizable under 42 U.S.C. § 1983, and are subject to summary dismissal.

Plaintiff next discusses Defendant Harvin's failure to adequately represent Plaintiff during a criminal trial in 2003. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant deprived him of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Plaintiff complains that Defendant Harvin failed to question the validity of an indictment that Plaintiff feels should have been quashed. As Defendant Harvin did not act

4

"under color of state law" when acting as Plaintiff's trial counsel, he is entitled to summary dismissal.

Plaintiff's final claim indicates that Defendant Jordan violated Plaintiff's rights by subjecting him to a wrongful prosecution. However, this Defendant has absolute immunity insofar as her prosecutorial actions in the Plaintiff's criminal case are concerned. In South Carolina, regional prosecutors, which are elected by voters of a judicial circuit, are called Solicitors and Assistant Solicitors. *See* S.C. CONST. art. V, § 24; S.C. CODE ANN. § 1-7-310 (1976). Solicitors/Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Any possible claims the Plaintiff may be attempting to raise regarding Defendant Jordan's prosecution of his criminal case are barred from suit under § 1983. Therefore, Defendant Jordan should be dismissed from Plaintiff's case.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez,* 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74. Plaintiff's attention is directed to the important notice on the next page.

April 3, 2008                                        s/Bruce Howe Hendricks
Greenville, South Carolina                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).